**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIGUEL SANCHEZ ROSALES** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 26-7371** |
| | : | |
| **WARDEN FDC JL JAMISON,** | : | |
| ***et al.*** | : | |
| | : | |

**MEMORANDUM OPINION**

**Henry, J.** **October 6, 2026**

This case is before the Court on Miguel Sanchez Rosales's Petition for Writ of Habeas Corpus (ECF No. 6). Sanchez Rosales challenges his current detention by Respondents at the Philadelphia Federal Detention Center after being arrested by Immigration and Customs Enforcement ("ICE"). Because I hold that Sanchez Rosales's detention violates due process, I will grant the writ and order his immediate release.

## I. BACKGROUND

Sanchez Rosales, a native of Guatemala, entered the United States in November of 2018 without inspection. Pet. ¶ 19. On September 23, 2026, he was apprehended by ICE agents and taken into custody at the Federal Detention Center in Philadelphia, Pennsylvania. *Id.* ¶ 20. He has since been transferred to the Moshannon Valley Processing Center. Opp. at 4 n.3. While his detention was being processed, he was served with a warrant for arrest and issued a Notice to Appear. *Id.* He was also provided with a notice of custody determination, and he requested a review of that determination via a bond hearing. *Id.* His bond hearing is currently scheduled for October 14, 2026. *Id.*

## II. DISCUSSION

Sanchez Rosales argues that his detention violates due process because he was not subject to an individualized assessment of his circumstances, and Respondents did not make an individualized finding that he was a danger or flight risk. Pet. ¶ 25. In other words, he contends that he was detained without an individualized custody determination.

In *Vieira Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026), the Court held that due process required ICE to exercise its 8 U.S.C. § 1226(a) discretion through "an individualized determination as to . . . whether the noncitizen is a 'danger to property or persons' and is 'likely to appear for any future proceeding.'" *Id.* ¶ 33. The Court held that the record did not reflect an individualized assessment where ICE did not provide "a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Dos Reis*, 2026 WL 1746649, at *4.

Respondents acknowledge that many judges in this District have found detention under § 1226(a) to be unlawful where ICE does not demonstrate that it conducted an "individualized custody review," but contend that such decisions read ICE's discretionary authority out of § 1226(a) and read into that section a requirement of dangerousness or a flight risk. Opp. at 8. Further, Respondents argue, ICE did conduct an individualized review of Petitioner's case when it determined that he was present in the United States without lawful status. *Id.* at 9.

I agree with many of my colleagues that detention without an individualized custody review violates due process, and that a determination of an individual's presence in the United States without lawful status is insufficient to meet that threshold. *See Dos Reis v. McShane*, No. 26-cv-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) ("Reliance on status alone amounts to 'a per se determination' that 'comports not with 1226(a), but with [the Government's] desired policy of detention.'"); *Dzehtisarou v. Mullin*, No. 26-cv-5060, 2026 WL 2211392, at *5 (E.D. Pa.

July 31, 2026) ("Given the government's failure to provide reasoning based on an individualized determination, 'the facts clearly demonstrate that [Petitioner] was entitled to more process than he received pursuant to § 1226(a) and its implementing regulations.'"). Here, it cannot be said that there was an individualized custody determination where, as Respondents admit, the individualized review of his case determined only that he was in the United States without lawful status, and there is no evidence that he was dangerous or a flight risk. Petitioner's current detention thus violates his due process rights.

Additionally, although Sanchez Rosales does not raise this in his petition, Respondents admit that DHS issued a warrant for Petitioner's arrest "on the same day of, *and shortly after*, his arrest." Opp. at 2 (emphasis added). 8 U.S.C. § 1226, the statute pursuant to which Petitioner was arrested, provides that "*[o]n a warrant issued* by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Here, where Petitioner's warrant for arrest was not issued until after his arrest, his "detention was not the result of an orderly process by which a warrant for his arrest was considered, issued, and executed." *Sagbay v. Jamison*, No. 26-cv-7265, 2026 WL 2875765, at *4 (E.D. Pa. Sept. 24, 2026). These circumstances "reflect the absence of any prior individualized consideration." *Id.*[1]

Respondents further argue that Sanchez Rosales was required to exhaust administrative remedies—in the form of completing a bond hearing and subsequent appeal to the BIA, if necessary—before filing his habeas petition with the Court. Opp. at 6-7. Administrative exhaustion

[1] This warrantless arrest also appears to be a violation of Section 1226(a), which itself serves as grounds for Petitioner's release. "Section 1226(a) 'is not even triggered unless an arrest warrant is issued . . . . If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release "the arrested alien" are likewise not triggered.'" *Sagbay*, 2026 WL 2875765, at *5. Here, the narrative of Petitioner's arrest shows that in the events leading up to his arrest, officers were conducting a search for Jose Sanchez-Rosales, not Petitioner. And Respondents have not put forth any evidence that the officers had "reason to believe" that Petitioner was "likely to escape before a warrant [could] be obtained for his arrest," as is necessary for warrantless arrests pursuant to 8 U.S.C. § 1357. As such, without a warrant or other indication of probable cause, Petitioner's arrest was unlawful under 8 U.S.C. § 1226(a), in addition to being violative of his due process rights.

for Section 2241 habeas petitioners is prudential, and courts may excuse exhaustion "if 'administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.'" *Dos Reis*, 2026 WL 1746649, at *3 (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)). I again agree with many of my colleagues that administrative exhaustion is not required where, as here, "[a] later bond hearing [would] not necessarily cure the alleged constitutional violation that preceded it." *Id.*

## III. CONCLUSION

Sanchez Rosales is being detained unconstitutionally, and as such, his Petition is granted and his immediate release is ordered.